UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KEITH SAXTON<br>2025 Cleveland Road West<br>Huron, Ohio 44839,<br><br>on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>ARTIFLEX MANUFACTURING, LLC<br>c/o Statutory Agent<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219<br><br>  Defendant. | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Keith Saxton, on behalf of himself and others similarly situated, by and through undersigned counsel, and for his Complaint against Artiflex Manufacturing, LLC ("Artiflex" or "Defendant") states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, including overtime compensation for all hours worked over 40 hours in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §4111.01 et seq. and Ohio's Prompt Pay Act.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a resident of Erie County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and O.R.C.§4111.03(D)(3) and was employed in Sandusky County, Ohio.

6. At all times relevant herein, Defendant is a limited liability company organized under the laws of the State of Delaware and maintained its principal place of business in Grand Rapids, Michigan.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and O.R.C. §4111.03(D)(2).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the manufacturing of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the manufacturing of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

11. Defendant designs and manufactures tools, dies and automation systems, including

the manufacture of car parts in Wooster and Clyde, Ohio that are sold to customers throughout the United States.

12. Defendant employed Plaintiff as a production employee in August 2022 at the Clyde, Ohio facility and he is still currently employed by Defendant.

13. Other similarly situated employees were employed by Defendant as production employees in the Wooster and Clyde, Ohio facilities.

14. Defendant classified Plaintiff and other similarly situated employees as non-exempt and paid them an hourly wage.

15. Defendant subjected Plaintiff and other similarly-situated employees to the same policies, practices and procedures, including pay policies, practices, and procedures.

**(Failure to Pay for All Hours Worked)**

16. Defendant required production employees to be at the facility at least twenty to thirty minutes prior to the start of their shift.

17. Plaintiff and other similarly situated employees were required to clock in with a timecard when they arrived at Defendant's facility.

18. Plaintiff and other similarly situated production employees were required to gather and put on safety gear prior to the start of their shift.

19. Plaintiff and other similarly situated production employees were also required to attend meetings with supervisors to get instructions on the work that was to be done that shift.

20. Plaintiff and other similarly situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the work performed before their scheduled time.

21. The time Plaintiff and other similarly situated employees spent gearing up and conducting a pass down was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

22. The amount of time Plaintiff and other similarly situated employees spent on this required and unpaid work amounted to approximately 20 to 30 minutes each day.

23. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees were not compensated for all the time they worked, including all of the overtime hours they worked over 40 each workweek.

24. Defendant was aware that employees were performing unpaid pre and post shift work because they required them to do it and supervisors observed the employees perform the unpaid work.

## **COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

26. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current production employees of Artiflex Manufacturing LLC in Wooster, Ohio and Clyde, Ohio, including those performing the same and/or substantially similar job duties and/or responsibilities between three years from the filing of this Complaint and the present.

27. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 750 persons.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §

4

216(b) and O.R.C. §4111.10(C) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

29. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b) and O.R.C §4111.10(C), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action pursuant to Civ. R. 23(A) and (B)(1) and (3) on behalf of himself and a class of persons employed by Defendant in Ohio within the last three years defined as:

> All former and current production employees of Artiflex Manufacturing LLC, in Wooster, Ohio and Clyde, Ohio facilities, including those performing the same and/or substantially similar job duties and/or responsibilities between three years from the filing of this Complaint and the present.

31. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, avers that it consists of more than 100 people.

32. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from Defendant's records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendant's

records. For the purpose of notice and other purposes related to this action, the Class Members' names and addresses are readily available from Defendant. Notice can be provided by means permissible under Civ. R. 23.

33. Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

34. Plaintiff and the Class Members are and/or were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wages.

35. Plaintiff and the Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with Article II § 34a of the Ohio Constitution.

36. Plaintiff and the Class Members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected Plaintiff and the Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to Plaintiff and to each of the Class Members.

37. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

38. Plaintiff is able to fairly and adequately protect the interests of the Class Members and has no interests antagonistic to the Class Members.

39. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

40. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

41. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

42. Because the losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.

43. On the other hand, important public interests will be served by addressing the matter as a class action.

44. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

45. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.

46. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

47. This action is properly maintainable as a class action under Civ. R. 23.

48. Common questions of law and fact exist as to the Class Members that predominate over any questions only affecting Plaintiff and the Class Members individually and include, but are not limited to, the following: (a) Whether Defendant violated Article II § 34a of the Ohio Constitution; (b) Whether Defendant paid Plaintiff and the Class Members overtime wages for all hours worked; and, (c) Whether Defendant failed to pay all wages due to Plaintiff and the Class Members within 30 days of their regularly scheduled payday.

## COUNT ONE
### (Fair Labor Standards Act Violations)

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

51. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

52. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

53. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damages in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

**(Violations of Ohio Revised Code §4111.01)**

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Defendant's practice and policy of not paying Plaintiff and others similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek violated OMFWSA, O.R.C. §4111.03.

56. By failing to pay Plaintiff and other similarly situated employees overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, O.R.C. §4111.03.

57. As a result of Defendant's policies and practices, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## COUNT THREE
**(Violations of Ohio's Prompt Pay Act)**

58. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

59. Defendants' practice and policy of not paying employees for all time worked within thirty (30) days of the regularly scheduled payday violated Ohio's Prompt Pay Act, O.R.C. §4113.15.

60. As a result of Defendants' conduct, they are liable to Plaintiffs and all similarly situated employees for their unpaid wages, liquidated damages, and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this

Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b) and O.R.C. §4111.10, to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes he represents actual damages for unpaid wages;

D. Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

 /s/ *Robert B. Kapitan*
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

                                                           <u>/s/ *Robert B. Kapitan*</u>
                                                        One of Plaintiff's Attorneys